BEEBE *v.* COMMISSIONER OF STATE LAND OFFICE.

TAX HOMESTEAD LANDS—COMMISSIONER OF LAND OFFICE—CERTIF-
ICATE—MANDAMUS.

> Section 131 of the general tax law (Act No. 141, Pub. Acts
> 1901), requiring the commissioner of the State land office to
> issue a certificate showing a homestead entry only when, "in
> his judgment, the application is made in good faith," vests in
> the commissioner a discretion that will not be reviewed on
> mandamus.

Mandamus by William C. Beebe to compel Edwin A.
Wildey, commissioner of the State land office, to issue a
certificate showing a homestead entry. Submitted June
7, 1904. (Calendar No. 20,165.) Writ denied June 25,
1904.

*H. K. Gustin,* for relator.

*E. Stenberg* (*Charles W. McGill,* of counsel), for re-
spondent.

MONTGOMERY, J. The relator asks a mandamus to
compel the respondent to grant a certificate showing a
homestead entry by relator of certain land in town 32 N.,
range 9 E. The petition avers that the lands had been
open to entry as homestead lands for more than three
years; that, after this time had elapsed, the auditor gen-
eral received an application from one Oakes to purchase
the land; that, acting under the provisions of section 131
of the general tax law, as amended by Act No. 107, Pub.
Acts 1899, and Act No. 141, Pub. Acts 1901, the commis-
sioner directed an appraisal of the land; and that pend-
ing such appraisal, and before the purchase by Oakes was
finally consummated, the relator's application was made.
Relator contends that, by the terms of the section cited,
an application to homestead lands takes precedence over

any incompleted sale, even though a regular application to purchase has been made, and the commissioner has taken steps to determine the value by appraisement. This construction is controverted.

We find it unnecessary to decide this question. The return of the commissioner shows that he was satisfied that the application to homestead these lands was not made in good faith; that the lands are not fit for a homestead. The statute (section 131) requires the commissioner to issue the certificate only when, " in his judgment, the application is made in good faith." This vests in the commissioner the power to determine the question of the good faith of the application, and vests him with a discretion which will not be reviewed on mandamus. Mechem, Public Officers, § 945; *The Secretary* v. *McGarrahan*, 9 Wall. 298.

The writ is denied, with costs.

The other Justices concurred.